IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS GÓMEZ-CRUZ, <u>et al.</u>,**<br><br>   **Plaintiffs,**<br><br>              v.<br><br>**MARTA E. FERNÁNDEZ-PABELLÓN, <u>et al.</u>,**<br><br>   **Defendants.** | **CIVIL NO. 13-1711 (PAD)** |

**OPINION AND ORDER**

Carlos Gómez-Cruz, Brendaliz González-Méndez, Caira Berly-Rivera, Mariely García-Ruiz, Amer Ortiz-López, María Vázquez-Mojica, and Jorge Morales-Velázquez, initiated this action against Marta Fernández-Pabellón, Vanessa Pintado-Rodríguez, Idalia Colón-Rondón, Elsa Rodríguez-Valentín, Laura Santa-Sánchez, Wilda Ramos-Román, Carmen Annette Beltrán, and Tamara Luciano-Fernández, alleging violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution, and of state law.

Before the Court is defendants' "Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)" – Docket No. 13 – which plaintiffs opposed at Docket No. 25. The defendants filed a reply to plaintiff's opposition at Docket No. 32, and plaintiffs sur-replied at Docket No. 42. For the reasons explained below, the motion is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

Plaintiffs allege that following the November 6, 2012 general elections, the Popular Democratic Party ("PDP") took control of Puerto Rico's Executive Branch and by extension, of the Department of the Family ("DF"). After the PPD took over the DF, plaintiffs further contend, they

Case 3:13-cv-01711-JAW   Document 52   Filed 10/09/14   Page 2 of 7

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Opinion and Order
Page 2

terminated, demoted, transferred and/or deprived plaintiffs of their functions and harassed them on account of their political affiliation (Docket No. 4).[1]  They claim to be members of the New Progressive Party ("NPP"), while the defendants are members of the opposing PDP.  Id. at ¶¶ 79 and 18-25.

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that (1) the complaint does not plead sufficient facts to state a claim upon which relief can be granted under the First, Fifth, and Fourteenth Amendments; (2) the decisions they made were not based on political considerations and as such, are subject to the defense set forth by the Supreme Court in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977); and (3) the DF, as an instrumentality of the Commonwealth of Puerto Rico, is entitled to Eleventh Amendment Immunity.

## II.   STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).

Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited).  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.2012).  While detailed factual allegations are not required, more than labels and conclusions are needed.  Ocasio-Hernández v.

---

[1] Gómez-Cruz, González-Méndez, Berly-Rivera and Morales-Velázquez were terminated from their employment, while García-Ruiz, Ortiz-López and Vázquez-Mojica allege to have been demoted from their career positions within the department.

Case 3:13-cv-01711-JAW   Document 52   Filed 10/09/14   Page 3 of 7

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Opinion and Order
Page 3

Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief.  Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009).

### III.   DISCUSSION

#### A.  First Amendment Claims

The Court has carefully evaluated each of the 343 paragraphs in the Amended Complaint and finds that plaintiffs have plausibly pleaded a claim under the First Amendment (Docket No. 4).  For example, the bulk of the complaint properly establishes each of the defendants' positions within the DF, their affiliation to the PDP, as well as their knowledge of plaintiffs' affiliation to the NPP. Id. at ¶¶ 79-107.  In addition, the complaint contains a series of events which tend to prove the existence of a politically-charged environment within the DF.  Id. at ¶¶ 83, 96-106, 113, 114, 118, and 124.  They also aver that Colón-Rondón terminated or demoted plaintiffs, presumably on account of their political affiliations.  Id. at ¶ 107.  As to the remaining defendants, plaintiffs specifically allege that they approved, condoned or disapproved of all personnel decisions, including the adverse employment actions described in the amended complaint. Id. at ¶ 35, 74, 76, 90-91, 104-105, 112, 114, 123,125, 177, 191-193.

Viewing the pleadings as a whole, they appear to state a colorable First Amendment Claim.  On this ground, the motion to dismiss must be denied.  The Mt. Healthy defense does not require a different result.  Courts in this district have consistently found this defense to be inapplicable when evaluating the sufficiency of the pleadings. See, Landrón & Vera, LLP v. Somoza-Colombani, 2013 WL 2422807 *8 (D.P.R. June 3, 2013) and cases cited therein (discarding defendants' Mt. Healthy defense at the motion to dismiss stage); see also, Marti-Novoa v. Fortuño-Burset, 2010 WL 3981917*9 (D.P.R. September 30, 2010) (holding that the Mt. Healthy burden-

Case 3:13-cv-01711-JAW   Document 52   Filed 10/09/14   Page 4 of 7

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Opinion and Order
Page 4

shifting analysis is not applicable at the pleadings stage).  The Court finds no reason to deviate from this ruling, and will accordingly refrain from addressing the issue at this juncture.  Thus, defendants' Mt. Healthy-based request is denied.

### B.  Fifth Amendment Claims

Plaintiffs contend defendants deprived them of rights secured by the Fifth Amendment (Docket No. 49 at ¶¶ 332-339).  The First Circuit Court has held this Amendment applies only to actions of the federal government – not to those of state or local governments.  Martínez-Rivera v. Sánchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007).  Given that none of the defendants has been alleged to be a federal actor, fifth amendment claims must be dismissed.

### C.  Fourteenth Amendment Claims

Defendants moved to dismiss plaintiffs Gómez-Cruz' and Berly-Rivera's claims under the Fourteenth Amendment, arguing that (1) they were probationary employees at the time of their discharge, and (2) therefore, they have no property rights for which process is due (Docket No. 13, Exh. 1 at p. 21).

In the context employment termination cases, the employee must demonstrate that she was deprived of that property interest without the minimum amount of process that was due under the Constitution, including some kind of hearing and some pre-termination opportunity to respond. Senra v. Town of Smithfield, 715 F.3d 34, 38-39 (1st Cir. 2013); see also Board of Regents v. Roth, 408 U.S. 564, 576-578 (1972).  Ordinarily, probationary employees have no property right to continued employment and as such, no right to notice and pre-termination hearing.  See, Febus-Cruz v. Sauri-Santiago, 652 F.Supp.2d 140 (D.P.R. 2009) and cases cited therein.

Plaintiffs Gómez-Cruz, González-Méndez, Berly-Rivera, and Morales-Velázquez, allege that they were terminated from their positions (Docket No. 4 at ¶¶ 11-13 and 17).  The complaint

Case 3:13-cv-01711-JAW   Document 52   Filed 10/09/14   Page 5 of 7

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Opinion and Order
Page 5

asserts that plaintiffs González-Méndez and Morales-Velázquez, both career employees, were allegedly terminated without notice or a prior hearing. Id. at ¶¶ 229 and 315. Accordingly, the Court finds that at this juncture these plaintiffs have pled a plausible entitlement to relief under the procedural due process component of the Fourteenth Amendment. As such, their claims will remain.

Berly-Rivera began working at the DF in April 2007. Id. at ¶ 13. On December 1, 2011, she was appointed to a career position and completed her probationary period on March 31, 2012. Id. at ¶ 241. On December 5, 2012, she was appointed to another career position, this time as Director of the "Amor y Vida" Shelter. Id. at ¶ 242. Her probationary period was scheduled to end on August 5, 2013, but on April 30 of that same year, she received a termination letter on grounds that there was no evidence that the aforementioned shelter was ever created. Id. at ¶ 243.

Berly-Rivera claims that pursuant to the DF's Regulation No. 5455, she was entitled to regular employee treatment and as such, to receive written notice 30 days before her termination, informing her of her right to file an appeal.[2] To the extent the complaint asserts that Berly-Rivera was dismissed without notice or pre-termination hearing as required by the Regulation No. 5455, she has plausibly pled a claim under the Fourth Amendment. Id. at ¶ 245. Therefore, her claims will remain.

Gómez-Cruz began working at the Administration for Socioeconomic Development of Families ("ADSEF") in February 2009 as a trust employee. Id. at ¶ 136. On September 4, 2012,

---

[2] DF's Regulation 5455 provides, in part, that probationary employees who immediately before acquiring such status were regular employees shall be considered as regular employees. Id. at ¶ 171. In addition, the regulation states that the Secretary shall provide written notice to all employees to be laid off at least 30 days before the effective termination date, informing the employee of his right to file an appeal. And that no layoff shall be effective unless the notice requirement is complied with. Id. at ¶ 172.

Case 3:13-cv-01711-JAW   Document 52   Filed 10/09/14   Page 6 of 7

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Opinion and Order
Page 6

he was appointed to a career position in the same department. Id. at ¶ 137.  His probationary period was supposed to end on March 3, 2013, but he received a termination letter on March 1, 2013, effective on March 4, 2013.  Id. at ¶ 11.  According to the complaint, the letter adduced to the fact that he had not approved his probationary period as a result of a single alleged incident.  Id.

The complaint is devoid of any allegation claiming that Gómez-Cruz occupied a career position at any point during his tenure with the DF.  Accordingly, the Department's Regulation No. 5455 is inapplicable to this particular plaintiff.  To the extent that Gómez-Cruz was a probationary employee at the time of his termination, he had no right to notice and pre-termination hearing.  For the same reason, his claims under the Fourteenth Amendment must fail.

### D.  Eleventh Amendment Argument

The defendants contend that any claims for monetary damages against them in their official capacities and/or the department are barred by the Eleventh Amendment.  However, plaintiffs clarified they are not seeking monetary damages against these defendants (Docket No. 25, Exh. 1 at p. 31).  On this ground, defendants' request for dismissal must be denied.

### E.  Supplemental State Claims

The defendants request that plaintiffs' state law claims be dismissed is predicated on the assumption that the Court will dismiss all federal claims.  To the extent the Court found that plaintiffs have plausibly pled a colorable claim under the First Amendment, the request must be denied.

### F.  CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the defendants' motion to dismiss – Docket No. 13 – as follows:

- The request to dismiss plaintiffs' First Amendment claims is DENIED;

- To the extent it seeks dismissal of plaintiffs' Fifth Amendment claims, defendants' request is GRANTED;

- Insofar as it seeks dismissal of plaintiff Gómez-Cruz' claims under the Fourteenth Amendment, defendants' request is GRANTED.

- The request to dismiss sate-law claims is DENIED.

Defendants may choose to revisit their dismissal request on a motion for summary judgment under Fed. R. Civ. P. 56 on a later date if warranted, upon conclusion of discovery.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2014.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE