IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS GÓMEZ-CRUZ, et al.,**<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**MARTA E. FERNÁNDEZ-PABELLÓN, et al.,**<br><br>    **Defendants.** | **CIVIL NO. 13-1711 (PAD)** |

**OMNIBUS MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

On March 31, 2016, the court issued an Opinion and Order (Docket No. 128) granting in part and denying in part defendants' Motion for Summary Judgment (Docket No. 61). Before the court is plaintiffs' "Motion for Partial Reconsideration" (Docket No. 129), which defendants opposed (Docket No. 132), as well as defendants' "Motion for Reconsideration" (Docket No. 133), which plaintiffs opposed (Docket No. 134). For the reasons below, plaintiffs' motion is GRANTED IN PART and DENIED IN PART, and defendants' motion is DENIED.

**I.      Plaintiffs' Motion for Partial Reconsideration**

**a.  Dismissal of Gómez-Cruz' claim against Fernández-Pabellón**

In its Opinion and Order the court held that the facts that Carlos Gómez-Cruz had occupied a trust position with the preceding administration, and Marta Fernández-Pabellón's presence during transition hearings in which Gómez-Cruz participated, were insufficient to establish that Fernández-Pabellón had knowledge of Gómez-Cruz' political affiliation. See, Román v. Delgado-Altieri, 390 F.Supp.2d 94, 103 (D.P.R. 2005) (citing González-De-Blasini v. Family Dept., 377

Case 3:13-cv-01711-JAW   Document 135   Filed 06/22/16   Page 2 of 4

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Memorandum and Order
Page 2

F.3d 81, 85-86 (1st Cir. 2004)). Gómez-Cruz urges the court to reconsider its holding, pointing out to an additional fact, to wit, that Fernández-Pabellón was present when Gómez-Cruz told co-defendant Idalia Colón-Rondón that he occupied a trust position under the previous administration, to which Colón-Rondón responded, "how many former trust employees in career positions was I left with by the past administration!" This fact, which was considered by the court when it issued its Opinion and Order, does not alter the court's previous ruling. Plaintiffs have not put forth any evidence showing that Fernández-Pabellón took part in the conversation or even overheard it. Thus, plaintiffs' allegation that Fernández-Pabellón had knowledge of Gómez-Cruz' political affiliation is conclusory and speculative, and insufficient to defeat summary judgment. In this way, the court finds no reason to deviate from its previous ruling as to this claim.

### b. Dismissal of Gómez-Cruz's claim against Luciano-Fernández

Plaintiffs urge the court to reconsider its dismissal of Gómez-Cruz' claim against Tamara Luciano-Fernández. They argue there is a genuine issue of material fact as to Luciano-Fernández's knowledge of Gómez-Cruz' political affiliation because Gómez-Cruz had told Luciano-Fernández that he had worked as a polling officer for the NPP. According to plaintiffs, working as a polling officer is different from merely be seen participating in a routine campaign activity because a polling officer is affiliated to, and represents a party in an electoral event. The court agrees.

Even though a "plaintiff cannot prove that [a] defendant[ ] had knowledge of [his] political affiliation merely through testimony of having been seen, or, for that matter, met during routine campaign activity participation," Marrero-Sáez v. Municipality of Aibonito, 756 F.Supp.2d 215, 223-224 (D.P.R. 2010), in the court's view, this is different from being a polling officer for a party. A polling officer is appointed by and represents a registered political party or independent candidate, and perform duties regarding the operation and voting process in each polling station.

Case 3:13-cv-01711-JAW   Document 135   Filed 06/22/16   Page 3 of 4

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Memorandum and Order
Page 3

See, P.R. Laws Ann. tit. 16, §§ 4049-4050. These duties may include looking after the votes cast for a particular party or candidate. This goes beyond mere presence at a political activity, where people go for different reasons. See, e.g., Heffernan v. City of Paterson, No. 14-1280, ___ U.S. ___, 136 S. Ct. 1412, 1416, ___ L.Ed.2d___, 2016 WL 1627953 (Apr. 26, 2016) (where, as a favor to his bedridden mother, plaintiff went to pick up and deliver to her a campaign yard sign, and was seen speaking to staff at the candidate distribution point while holding the yard sign). Hence, the court finds that a genuine factual issue exists as to whether Luciano-Fernández was aware of Gómez-Cruz' political affiliation. For the same reason, Gómez-Cruz's claim against Luciano-Fernández is reinstated.

## II.     Defendants' Motion for Reconsideration

Defendants request that the court reconsider its Order and dismiss: (1) Gómez-Cruz's claim against Colón-Rondón; (2) the ADFAN plaintiffs' claims against Colón-Rondón, Pintado-Rodríguez, and Rodríguez-Valentín; and (3) the ADFAN plaintiffs' Fourteenth Amendment claims. The court has carefully considered defendants arguments and supporting authority and finds no reason to deviate from its previous ruling. Accordingly, defendants' "Motion for Reconsideration" is denied.

## III.     CONCLUSION

In light of the foregoing, plaintiffs' "Motion for Partial Reconsideration" (Docket No. 129) is GRANTED IN PART AND DENIED IN PART, and defendants' "Motion for Reconsideration" (Docket No. 133) is DENIED. Gómez-Cruz' claim against Luciano-Fernández is reinstated. The court's rulings as to all other claims remain as stated in the Opinion and Order.

A separate Joint Pretrial Order will follow.

Gómez-Cruz v. Fernández-Pabellón, et al.
Civil No. 13-1711 (PAD)
Memorandum and Order
Page 4

**SO ORDERED**.

In San Juan, Puerto Rico, this 22nd day of June, 2016.

                                             S/Pedro A. Delgado-Hernández
                                             PEDRO A. DELGADO-HERNÁNDEZ
                                             United States District Judge