IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS GÓMEZ-CRUZ, et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> MARTA E. FERNÁNDEZ-PABELLÓN, et al., <br><br> **Defendants.** | CIVIL NO. 3:13-cv-01711-JAW |

ORDER ON MOTION IN LIMINE

With trial looming in this employment discrimination action under 42 U.S.C. § 1983, the Court denies in part and defers ruling in part on the Plaintiffs' motion to exclude an audit report from evidence at trial. The Court rejects the Plaintiffs' claims that the report should be excluded due to the Defendants' alleged discovery violations, and the Court defers ruling on whether the report is inadmissible hearsay until it rules on whether the Defendants may add one of the report's authors as a late trial witness.

I.   BACKGROUND

   A.   Procedural Background

On November 11, 2016, the Plaintiffs filed a motion in limine to exclude from evidence in the upcoming jury trial an Audit Report issued by Grupo Erantonio & Asociados, Corp. *Pls.' Mot. in Limine to Exclude the Audit Report by "Grupo Erontonio & Asociados, Corp."* (ECF No. 153) (*Pls.' Mot.*). On November 21, 2016, the Defendants filed their opposition. *Opp'n to "Pls.' Mot. in Limine to Exclude the Audit*

*Report by Grupo Erantonio & Asociados, Corp"* (ECF No. 157) (*Defs.' Opp'n*). On November 29, 2016, the Plaintiffs filed their reply. *Reply to Defs.' "Opp'n to 'Pls.' Mot. in Limine to Exclude the Audit Report by Grupo Erantonio & Asociados, Corp.'"* (ECF No. 165) (*Pls.' Reply*).

### B. The Positions of the Parties

#### 1. The Plaintiffs' Motion

The Plaintiffs present two bases for exclusion of the Audit Report: (1) an alleged discovery violation on the part of the Defendants; and (2) its inadmissibility under Federal Rule of Evidence 802. *Pls.' Mot.* at 1–10. With respect to the alleged discovery violation, the Plaintiffs argue that the Court should exclude the Audit Report under Federal Rule of Civil Procedure 37(c)(1) because (1) the Defendants failed to produce the document pursuant to Federal Rule of Civil Procedure 26, *id.* at 2–3; (2) the Defendants' failure to produce the document violated the Court's Case Management Order, *id.* at 3–7; and (3) the Defendants' failure to produce the Audit Report has severely prejudiced them as trial is imminent. *Id.* at 7–9.

#### 2. The Defendants' Response

The Defendants counter that the Plaintiffs are factually incorrect as to when the Defendants produced the Audit Report. *Defs.' Opp'n* at 1–5. They say they produced the Audit Report to the Plaintiffs on November 13, 2014, seventy-eight days before the January 30, 2015 discovery cut-off date and seven days after the Plaintiffs requested the document at Defendant Wilda Ramos-Roman's November 6, 2014 deposition. *Id.* at 2. The Defendants explain that due to the voluminous nature of

2

the document requests, the parties had agreed to upload and share the documents via *Google Drive*. *Id.* The Defendants attach a screenshot of a *Google Drive* entry of November 13, 2014, which they say demonstrates they uploaded the Audit Report on November 13, 2014, at 5:15 p.m. *Id.* The Defendants fail to respond to the Rule 802 argument. *Id.*

### 3. The Plaintiffs' Reply

In reply, the Plaintiffs highlight that the Defendants failed to respond to the Rule 802 argument. *Pls.' Reply* at 2. They then turn to when the Defendants produced the Audit Report. *Id.* at 3–5. They first contend that the Defendants were obligated to produce the Audit Report as early as May 16, 2014, during their initial disclosures; were required to refer to the Audit Report in their answers to interrogatories; and were mandated to produce the report in their responses to requests for production of documents. However, the Plaintiffs point out that the Defendants admit that they did not actually produce the Audit Report until November 13, 2014. *Id.* at 3-5. Next, the Plaintiffs maintain that even if the Defendants produced the Audit Report in mid-November 2014, the Defendants failed to notify the Plaintiffs that they uploaded the Audit Report to the *Google Drive*. *Id.* at 5. They note that *Google Drive* has a function that allows an uploading party to send a notification via email to the persons who are sharing the platform to inform them that a document has been uploaded. *Id.*

The Plaintiffs complain that they did not became aware that the Defendants had produced the Audit Report until February 1, 2015, when the Defendants created

and shared with the Plaintiffs a new folder with all the produced documents. *Id.* at 6. In addition, they argue that the Defendants never explained the significance of the Audit Report until the briefing on the motion for summary judgment. *Id.* at 7. Finally, they accuse Defendant Vanessa Pintado-Rodriguez of willfully attempting to hide the Audit Report from the Plaintiffs during her deposition in order to give a strategic advantage to the Defendants. *Id.* at 8–9.

## II.  DISCUSSION

### A.  Discovery Violation

The Court declines to exclude the Audit Report based on the Plaintiffs' allegations of discovery violations. Based on this record, the Court does not find that the production of the Audit Report was untimely. In a document-heavy case, such as this one, it is not uncommon for parties to learn of the existence of some documents, even significant documents, within their clients' possession, custody, or control, while discovery is ongoing. Here, the Defendants uploaded the documents onto the *Google Drive* platform on November 13, 2014, more than two months before the close of discovery on January 30, 2015. *See Defs.' Opp'n*, Ex. A.

Nor is the Court impressed with the Plaintiffs' argument that the Defendants failed to notify them that they had uploaded the Audit Report on November 13, 2014. Clearly the better practice would have been for the Defendants to notify the Plaintiffs whenever they uploaded new documents onto the *Google Drive* platform, and the spirit and perhaps the letter of the Rules contemplate that the party producing the document inform the opposing party that a specific document has been produced.

4

With the advent of digital discovery, however, the parties are generally free to agree to provide documents, particularly in a document-intensive case, in the most efficient manner, including platforms such as *Google Drive*. In the Court's view, it makes good sense for the parties to agree to use such platforms because the uploading of the documents is virtually instantaneous and cost effective, and the produced documents are searchable. However, if the parties agree to use a platform to share documents, they also have the obligation to set the ground rules. The parties can agree to provide email notification of the production of a document, or they can agree that such notice will be unnecessary because they will each be frequently checking the platform to update and inspect its contents. Here, Attorney Ángel J. Vencia-Gatell, former defense counsel, has represented that, "due to the voluminous nature of the production of documents," he and Plaintiffs' counsel agreed "to seamlessly produce such documents through the use of *Google Drive*," that they would "upload documents to shared folders," and that the Plaintiffs had "constant and unfettered access to other documents—not just the Audit Report." *Def.'s Opp'n* Ex. 5, *Unsworn Statement Under Penalty of Perjury* at 1–2.

Here, in light of this agreed-upon arrangement, the Court does not know what to make of the Plaintiffs' hidden in plain sight argument. Apparently, the Plaintiffs claim that, even though the Defendants filed the Audit Report on November 13, 2014, the Plaintiffs did not notice its existence until February 1, 2015. The Plaintiffs' position assumes that either the Plaintiffs never accessed the *Google Drive* platform

5

during the two and a half month interval leading to the close of discovery, or if they accessed it, they never noticed the Audit Report. Neither seems plausible.

Furthermore, the parties both represented that this has been a document-heavy case, and the Court assumes that this was not the first document that the parties shared on *Google Drive*. Absent an indication that the parties were following the same ground rules and that the Defendants broke those rules, the Court is not inclined to enforce the specific terms of a discovery agreement that was neither agreed to nor approved by the Court.

Finally, by the Plaintiffs' own admission, they were formally notified about the Audit Report on February 1, 2015, the day after the close of discovery. Even though discovery had just closed, if the Plaintiffs were as concerned then as they are now, they should have brought this matter to the Court's attention. If convinced that the Defendants had failed to comply with their discovery obligations, the Court could have re-opened discovery to allow the Plaintiffs to satisfy their discovery issues regarding the Audit Report. Instead, the Plaintiffs slept for twenty-one months and now, less than two months before trial, the Plaintiffs seek to cure an asserted discovery violation they have known about for almost two years.

None of this convinces the Court that it should impose a preclusion sanction on the Defendants under Rule 37. In *Esposito v. Home Depot U.S.A. Inc.*, 590 F.3d 72 (1st Cir. 2009), the First Circuit, observing that the errant litigant had not had a history of discovery violations nor had sloughed off a warning from the district court, declined to uphold preclusion of an expert witness as a sanction. *Id*. at 80–81. The

*Esposito* Court listed five factors for a district court to review before precluding evidence as a sanction: "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification . . . for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects . . . ; and (5) the late disclosure's impact on the district court's docket." *Paolino v. JF Realty, LLC*, 830 F.3d 8, 13 (1st Cir. 2016) (quoting *Esposito*, 590 F.3d at 78). Assessing all of these factors, the Court declines to impose the preclusion sanction the Plaintiffs demand.

     **B.    Rule 802**

The basis of the Plaintiffs' objection to the Audit Report is that it is hearsay. *Pls.' Mot.* at 10. They note that the Defendants failed to list any of the authors of the Audit Report as potential witnesses at trial. *Id.*

Although the Defendants did not respond to this part of the Plaintiffs' motion in limine, on November 18, 2016, the Defendants filed a motion to amend the joint pretrial conference report to add two witnesses, one of whom, Victor Rivera-Hernandez, Esq., was an author of the Audit Report. *Mot. to Am. Jt. Proposed Pretrial Order* (ECF No. 156). The Plaintiffs quickly objected by filing their response on November 22, 2016. *Partial Opp'n to "Mot. to Am. Jt. Proposed Pretrial Order"* (ECF No. 158). The Defendants requested and received an extension to December 7, 2016, to file a reply to the Plaintiffs' opposition. *Mot. for Leave and Extension of Time to File Reply Mem.* (ECF No. 164); *Order* (ECF No. 168).

The Court defers ruling on the Rule 802 admissibility issue, in part because the resolution of the pending motion to add Attorney Rivera-Hernandez as a defense witness may resolve the hearsay objection. The Court reminds the Defendants that they failed to respond to the hearsay objection, and it expects them to do so in their December 7, 2016 reply.

## III.  CONCLUSION

The Court DENIES in part and DEFERS RULING in part on Plaintiffs' Motion in Limine to Exclude the Audit Report by "Grupo Erontonio & Asociados, Corp." (ECF No. 153)

**SO ORDERED.**

> **/s/ John A. Woodcock, Jr.**
> **JOHN A. WOODCOCK, JR.**
> **UNITED STATES DISTRICT JUDGE**

**Dated this 1st day of December, 2016**