UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARLOS GÓMEZ-CRUZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:13-cv-01711-JAW |
| | ) | |
| MARTA E. FERNÁNDEZ-PABELLÓN et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court denies defendants' motion to reconsider its order directing defendants to reimburse a plaintiff for overpayment in relation to a settlement agreement and regarding the application of the automatic stay under PROMESA Title III, because the defendants failed to demonstrate that the Court made a manifest error of law or a clearly unjust ruling, and the defendants failed to present newly discovered evidence.

I.      BACKGROUND

On October 4, 2018, the Court issued an order concluding that the automatic stay does not bar the Plaintiff's request for reimbursement and directing the Commonwealth of Puerto Rico (the Commonwealth) to reimburse Mr. Gómez-Cruz $901.32. *Order Regarding Automatic Stay and Granting Mot. for Reimbursement* (ECF No. 200) (*Order*).  On November 1, 2018, the Defendants filed a motion for

reconsideration.[1]   *Mot. for Recons. of Order in Docket No. 200* (ECF No. 202) (*Defs.' Mot.*).   Plaintiff Carlos Gómez-Cruz responded in opposition to the motion on November 14, 2018.   *Resp. in Opp'n to Mot. for Recons.* (ECF No. 203) (*Pl.'s Opp'n*).

## A.   The Defendants' Position

The Defendants concede that "[m]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Defs.' Mot.* at 3 (citing *Kimmel & Silverman, P.C. v. Porro*, 969 F. Supp. 2d 46 (D. Mass. 2013)).   Responding to this high standard, the Defendants argue that reconsideration is warranted due to the Court's error of law, but they fail to elaborate on what that error is, and fail to denominate any particular rule as the basis for their reconsideration motion.   *Id.* at 4.

Instead, their arguments, in large part, focus on what they view as "several factual allegations that are inaccurate" in the Court's Order for Reimbursement.   *Id.* at 5.   They first contend "that there was no overpayment by the plaintiff."   *Id.* at 2. They further argue that there was no error with the withholdings from the payment

---

[1]      With their motion, the Defendants filed a motion to restrict, claiming that the motion would refer to the settlement agreement and should be sealed.  *Mot. to Restrict* (ECF No. 201).  In excess of caution, the Clerk of Court sealed the motion.  But the Court's October 4, 2018 order was not sealed. *See Order* at 1-12.  Reviewing the Defendants' motion, the Court could not locate a reference to the settlement agreement that would justify the sealing of an otherwise public document that addressed a matter of public concern.  If the Defendants wish the Court to maintain the sealing of their motion and exhibit, they must file a motion within seven days of the date of this order, justifying the sealing under *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) and other First Circuit authority on the public nature of civil court filings and orders.  If the Defendants fail to file a motion on this issue within seven days, the Court directs the Clerk of Court to unseal docket number 202, including Exhibit A.

of the settlement amount paid by the Commonwealth because the withholding was made from the debt certification supplied by Mr. Gómez-Cruz to the Center for the Collection of Municipal Revenues (CRIM), and because any mistake in the debt certification came from the CRIM, which they argue is not an arm of the Commonwealth. *Id.* at 2-3. The Defendants also contend that "the 'same transaction' requirement of a recoupment is not satisfied because there was no overpayment to the CRIM." *Id.* at 3. Finally, the Defendants argue that the payment to Mr. Gómez-Cruz applies "squarely to the case at bar since the Commonwealth is bound to pay the settlement amount pursuant to the Covenant." *Id.* at 12.

### B.   Carlos Gómez-Cruz's Opposition

Mr. Gómez-Cruz opposes the motion, arguing that "most of defendants' arguments should have been raised in response to his motion filed on March 9, 2018, not in a motion for reconsideration filed eight months later." *Pl.'s Opp'n* at 2. Mr. Gómez-Cruz cites caselaw stating "[a] motion for reconsideration should not be used as a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented before the decision." *Id.* at 2 (citing *Lewis v. Kennebec Cty.*, No. 1:16-CV-00559-JAW, 2018 WL 2669967, at *1 (D. Me. June 4, 2018) (citing *United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009); *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006))). According to Mr. Gómez-Cruz, the proper procedural time to raise these arguments was in response to his motion requesting order. *Id.* at 3. But "rather than doing so, the Defendants "filed a bare 'Notice of Stay' which did not counter any of the facts, attachment, or

arguments in Gómez-Cruz's motion requesting order, nor explain why the automatic stay applied to Gómez-Cruz's request to have the Commonwealth reimburse him." *Id.* at 4.  Mr. Gómez-Cruz contends that, by failing to argue in their Notice of Stay that the automatic stay bars the relief granted in the Court's order, the Defendants have waived the argument.  *Id.*

## II.   DISCUSSION

Although the Defendants do not state under which rule they seek reconsideration, a "motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Federal Rule of Civil Procedure 59(e)." *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir. 1987) (citing *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir. 1971)).  A Rule 59(e) motion to alter or amend judgment covers a broad range of motions; the only real limitation is that it must request "a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." FED. R. CIV. P. 59(e); 11 CHARLES ALAN WRIGHT, ARTHUR M. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 121 (2d ed. 1995) (WRIGHT).

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Allen*, 573 F.3d at 53.  "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments

4

that could and should have been presented to the district court prior to judgment.'" *United States v. Martinez-Hernandez*, 818 F.3d 39, 48 (1st Cir. 2016) (quoting *Allen*, 573 F.3d at 53) (quoting *Iverson*, 452 F.3d at 104).   A district court has discretion whether to grant or deny a motion for reconsideration.   *United States v. Celaya Valenzuela*, 849 F.3d 477, 483 (1st Cir. 2017) ("The Court of Appeals reviews the denial of a motion to reconsider for an abuse of discretion").

In their motion for reconsideration, the Defendants "elucidate" several "factual allegations" they contend are "inaccurate".   *Defs.' Mot.* at 5.   The Court views the factual contentions the Defendants now offer as an inappropriate basis for reconsideration.   Other than filing a notice of automatic stay, the Defendants failed to respond to the Plaintiff's motion.   *Notice of Automatic Stay and Procedures for Filing Mots. for Relief from Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (ECF No. 194).   As such, the Court found the facts underlying the order undisputed.[2]  *Order* at 3, n.1 ("The facts are undisputed").   Although the Defendants seek to blame the Court for making a mistake in finding erroneous facts, the mistake, if made, rests squarely with the Defendants.   They failed to object to the facts Mr. Gómez-Cruz originally presented and they failed to present any countervailing facts; instead, they belatedly seek to present evidence that was available and not presented to the Court before the original decision.   "The filing of a Rule 59(a) motion does not afford the movant an opportunity to introduce evidence that was previously

---

[2]   Mr. Gómez-Cruz supported by affidavit the facts the Defendants now characterize as "inaccurate factual allegations."  *See Mot. Requesting Order*, Attach. 1, *Ex. 1* (ECF No. 193-1); Attach. 2, *Ex. 2* (ECF No. 193-2) (email correspondence reflecting the underlying facts of the dispute).

available." *Mancini v. City of Providence*, No. 18-1011, 2018 U.S. App. LEXIS 32962, at *29 (1st Cir. Nov. 21, 2018).

The Defendants next object to the Court's reference to the principle of recoupment in its order, because, according to the Defendants, the Court erroneously concluded that there was an overpayment by the Plaintiff to the taxes he owed to the CRIM. *Id.* at 11. Setting aside their argument that an overpayment was never made, the Defendants mischaracterize the Court's rationale in making an analogy to the principle of recoupment: the Court found the principle illustrative not because the 'same transaction' test was met by the Plaintiff's overpayment to the CRIM, but because the money the Commonwealth owed Carlos Gómez-Cruz arose from the same transaction as the initial settlement agreement. *See Order* at 10-11. The Defendants further contend that the Court erred in referring to the principle of recoupment in its order because "[r]ecoupment is not codified in the Bankruptcy code, hence, it was not made applicable to the Title III of PROMESA." *Id.* at 12. However, in its order, the Court stated that "the principle of recoupment . . . is illustrative" while acknowledging that "no courts have held that it applies specifically to PROMESA." *Order* at 10. The Court did not err on a matter of law by using the principle of recoupment as an example of relevant equitable principles.

The Defendants' remaining argument is that the amount the Commonwealth still owes Mr. Gómez-Cruz is "a partial portion of the settlement amount to be paid in this case, to which the Automatic Stay of the Commonwealth Title III Case is applicable." *Defs.' Mot.* at 11. As noted in the order, however, "[t]he Court has the

6

authority to determine whether the automatic stay is applicable." *Betancourt-Rivera v. Vazquez-Garced,* No. 17-2040 (FAB), 2018 WL 2246671, 2018 U.S. Dist. LEXIS 84144, at *6 (D.P.R. May 16, 2018) (citing *Chao v. Hosp. Staffing Servs. Inc.,* 270 F.3d 374, 384 (6th Cir. 2001)).  The Defendants cited no new case law, nor do they argue that the Court made a manifest error of law in its determination that the automatic stay does not apply to the issuance of a pre-petition payment in correction of "an error of their own making." *See Defs.' Mot.* at 15-20; *Order* at 10.  Instead, they set forth an argument for the applicability of the stay that would have been properly made in response to Mr. Gómez-Cruz's original motion.  Such an argument does not warrant the "extraordinary remedy" of granting a motion for reconsideration.  *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006) ("The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly'") (quoting 11 WRIGHT § 2810.1).

In conclusion, the Defendants present no convincing reason for the Court to revisit its October 4, 2018 Order, and the Court DENIES their Motion for Reconsideration of Order in Docket Number 200 (ECF No. 202).

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


Dated this 14th day of December, 2018