UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARLOS GÓMEZ-CRUZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-01711-JAW |
| | ) | |
| MARTA E. FERNÁNDEZ-PABELLÓN et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING
MOTION FOR EXTENSION OF TIME TO FILE APPEAL**

The Court denies defendants' motion to reconsider its order denying an
extension of time to file a notice of appeal, as defendants failed to show that the Court
made a manifest error of law or a clearly unjust ruling and failed to present newly
discovered evidence.

**I.     BACKGROUND**

On January 23, 2019, the Defendants, after failing to timely file a notice of
appeal, moved for an extension of time to file the appeal.  *Mot. for Extension of Time
Until January 23, 2019 to File Tendered Notice of Appeal* (ECF No. 206) (*Defs.' Mot.
for Extension of Time*).  The Court denied the motion on March 12, 2019, after
determining that the Defendants failed to demonstrate either good cause or excusable
neglect pursuant to Federal Rule of Appellate Procedure 4(a)(5).  *Order on Mot. for
Extension of Time to File Appeal* (ECF No. 213) (*Order on Mot. for Extension of Time*).
On March 15, 2019, the Defendants filed a motion for reconsideration of the decision.

*Mot. for Recons. re Order on Mot. for Extension of Time* (ECF No. 214) (*Defs.' Mot.*).
The Plaintiffs opposed the motion on March 22, 2019.  *Resp. in Opp'n to Mot. for Recons.* (ECF No. 215) (*Pls.' Opp'n*).

## II.    POSITIONS OF THE PARTIES

### A.    Defendants' Motion

The Defendants argue that the *Mirpuri v. ACT Manufacturing, Inc.*, 212 F.3d 624, 630 (1st. Cir. 2000) case, which the Court discussed in the its order denying the requested extension of time to file notice of appeal, is distinguishable because in *Mirpuri*, the Court dismissed the pleading without prejudice, and because here, unlike in *Mirpuri*, the case "presents a novel controversy of law . . . which the Defendants could bring before the First Circuit." *Defs.' Mot.* at 2-3.  The Defendants further argue that the Court's order denying the applicability of the automatic stay under PROMESA and granting the Plaintiffs' motion for reimbursement was unfair, because in their view, ordering the "preferential payment in detriment of other creditors—placed in the same position as the plaintiffs in this case—would be in conflict with the remaining claims from all other creditors. . .." *Id.* at 3.

### B.    Plaintiffs' Opposition

The Plaintiffs oppose the Defendant's motion, stating that "[t]he Court correctly determined that defendants' sole, proffered excuse for neglecting to file their notice of appeal within the 30-day limit under Fed. R. App. P. 4(a) and 28 U.S.C. § 2107—inadvertence by counsel because she was busy preparing voir dire and jury instructions—was insufficient to grant their motion for extension of time . . .." *Pls.'*

*Opp'n* at 1. They contend that the Defendants' motion merely "repeat[s] arguments that the Court had the opportunity to consider already, and ultimately rejected." *Id*. The Plaintiffs cite this Court's statement that "[a] Rule 59(e) motion is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see them this way." *Id*. at 3 (quoting *Widi v. McNeil*, No. 2:12-cv-00188-JAW, 2014 WL 640286, at *1 (D. Me. Feb. 18, 2014)). Thus, a Rule 59(e) motion "is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id*. (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).

According to the Plaintiffs, in addition to the fact that the Defendants' arguments have already been rejected by the Court, they fail on their merits. First, the Plaintiffs contend, "Defendants gloss over that the Court cited other First Circuit cases [in addition to *Mirpuri*] holding that mere inadvertence by counsel is insufficient to constitute excusable neglect." *Pls.' Opp'n* at 5 (citing *Order on Mot. for Extension of Time* at 7 (citing *Pinero v. Schroeder v. Fed. Nat'l Mortg. Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978); *de la Tore v. Continental Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994); *Sheedy v. Bankowski (In re Sheedy),* 875 F.3d 740, 744 (1st Cir. 2017))). In response to the Defendants' argument that "this appeal is necessary being that it touches upon a novel and transcendental issue regarding a collection effort by the plaintiff of a partial amount of a settlement reached pre-petition, which is automatically stayed through §§ 362 and 922 of the Bankruptcy code . . .", *id*. (citing

3

*Defs.' Mot.* at 9), the Plaintiffs note that "there is nothing in Fed. R. App. 4(a)(5) or 28 U.S.C. § 2107(c) to support the argument that the alleged importance or novelty of the issues on appeal is a factor contributing to the excusable neglect standard." *Id.* at 6.

## III.   DISCUSSION

### A.   Legal Standard

Although the Defendants do not denominate a specific procedural rule under which they seek reconsideration, they "ask[] the court to modify its earlier disposition of [this] case because of an allegedly erroneous legal result . . .." *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir. 1987) (citing *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir. 1971)).  The Court, therefore, assumes that the Defendants are bringing the motion pursuant to Federal Rule of Civil Procedure 59(e).  *Id.*  "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009).  "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006), nor is it a mechanism to regurgitate 'old arguments previously considered and rejected . . ..'" *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.

1990)).  A district court has discretion to grant or deny a motion for reconsideration. *United States v. Celaya Valenzuela*, 849 F.3d 477, 483 (1st Cir. 2017) ("The Court of Appeals reviews the denial of a motion to reconsider for an abuse of discretion").

## B. Analysis

The Defendants first argue that *Mirpuri* "is clearly distinguishable from the instant case since: (1) the Court in the <u>Mirpuri</u> case dismissed it without prejudice, so the plaintiffs could file their claim again with the appropriate pleadings; and (2) the instant case, contrary to the <u>Mirpuri</u> case, presents a novel controversy of law . . .". *Defs.' Mot.* at 2 (citing *Mirpuri*, 212 F.3d at 630).  Whether the cases are distinguishable is not pertinent, however, because in its order denying the Defendant's motion for an extension of time, the Court only cited *Mirpuri* for the Court's analysis of the relevant legal standard for excusable neglect.  As noted by the Court in its prior order, the standard outlined in *Mirpuri* is well-established in the First Circuit.  *See Mirpuri,* 212 F.3d at 630-31 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993)); *see also Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1 (1st Cir. 2001). The application of this standard, not the facts underlying the court's decision in *Mirpuri*, was the basis for the Court's conclusion that that the Defendants' proffered reason for failing to timely file does not meet the First Circuit's definition of excusable neglect pursuant to Federal Rule of Appellate Procedure 4(a)(5).  *Order on Mot. for Extension of Time* at 4-8.  Although the Defendants attempt to distinguish the facts of *Mirpuri* from those in the present case, they do not argue that the excusable neglect

standard outlined in the caselaw does not apply to this case, nor do they contend that the Court misapplied those factors in its prior order.  Therefore, the Defendants have failed to demonstrate that the Court made a manifest error of law in concluding that the Defendants "mere inadvertence" in failing to timely file was not sufficient to warrant an extension of time under Rule 4(a)(5) and relevant case law.

As noted by the Plaintiffs, the Defendants offer no caselaw to support their contention that a court should consider the novelty of the legal question at issue when determining whether a failure to timely file constituted excusable neglect.  *Pls.' Opp'n* at 3.  Rather, as stated by the Court in its prior order, the four factors set forth in *Pioneer* focus on the reason provided by the party for the delay and the potential impact on the opposing party if the court were to grant an extension:

> [A]n inquiring court must "take account of all relevant circumstances surrounding the [movant's] omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it is within the reasonable control of the movant, and whether the movant acted in good faith.

*Order on Mot. for Extension of Time* at 5 (citing *Mirpuri*, 212 F.3d at 630-31 (quoting *Pioneer*, 507 U.S. at 395)).  The Court considered these factors and determined that it "is simply unable to find that these circumstances present the 'unique or extraordinary circumstances' that Rule 4(a)(5) requires."  *Id*. at 7 (citing *Gochis v. Allstate Ins. Co.*, 16 F.3d 12, 14 (1st Cir. 1994)).  The Defendants' argument that this case presents "a novel controversy of law" and therefore deserves an extension of time to file an appeal does not convince the Court that it erred in its original conclusion

6

that the Defendants failed to show excusable neglect or good cause as required by Rule 4(a)(5).

Finally, the Defendants contend that the Court should reconsider its denial of their motion for an extension of time because the Court's original order for reimbursement "plac[es] the plaintiffs in a better position than the other creditors, thus, hindering their interests in the property of the estate subject to the bankruptcy proceeding, possibly causing disruption and challenges to such action in the process." *Defs.' Mot.* at 3.   "A motion for reconsideration is not a means for the losing party to rehash arguments previously considered and rejected."   *Lakshman v. Univ. of Maine Sys.,* 338 F. Supp. 2d 162, 164 (D. Me. 2004) (citing *BarclaysAmerican/Commercial, Inc.*, 899 F.2d at 123).   The Defendants made the same argument in their motion for reconsideration of the Court's order regarding the automatic stay, and the Court declined to reconsider its decision.   *Mot. for Reconsideration re Order* at 20 (ECF No. 202).   As such, the Court will not again consider the Defendants' argument, and declines to reiterate the basis of its order requiring the Defendants to reimburse Mr. Gómez-Cruz here.

## IV.   CONCLUSION

In conclusion, the Defendants have failed to demonstrate that the Court made an erroneous legal determination to warrant reconsideration of its March 12, 2019 Order on Motion for Extension of Time to File Appeal, and the Court DENIES their Motion for Reconsideration of Order in Docket Number 213 (ECF No. 214).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2019