UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARLOS GÓMEZ-CRUZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:13-cv-01711-JAW |
| | ) | |
| MARTA E. FERNÁNDEZ-PABELLÓN et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON REDACTION MOTION**

The Court rejects the defendants' claim that the right of public access is limited to criminal cases and does not apply to civil cases as contrary to well-established United States Supreme Court and First Circuit Court of Appeals precedent. The Court denies the defendants' request to redact portions of a settlement agreement when the same information has been and remains publicly available in multiple other court filings and the Court would not otherwise conclude that the need to maintain privacy outweighs the presumption of public access.

**I. BACKGROUND**

On May 8, 2019, the Court issued an order denying in part and deferring in part the Defendants' motion to restrict details of a confidential settlement agreement referenced in post-judgment motions. *Order on Mot. to Restrict Doc.* (ECF No. 217). In its May 8, 2019 order, the Court concluded that the settlement document constituted a judicial document subject to the presumption of public access. *Id.* at 1. However, as some portions of the settlement document were irrelevant to the Court's

ruling on the post-judgment issues in this case, the Court allowed the Defendants seven days within which to propose redactions to the agreement or to any post-judgment motions referencing the details of the settlement agreement. *Id.*

On May 15, 2019, the Defendants filed a motion in compliance with the Court's May 8, 2019 order. *Mot. in Compliance with Order in Docket No. 217* (ECF No. 218) (*Def.'s Mot.*). In their motion, the Defendants observe that the parties entered into a Settlement Agreement that contained "clauses that called for the confidentiality of its contents." *Id.* at 2. They write that "[p]ursuant to the parties' confidentiality agreement, the appearing defendants requested that their Motion for Reconsideration in Docket No. 202, as it contained details of the confidential settlement agreement, be filed in restricted mode." *Id.* The Defendants acknowledge that on May 8, 2019, the Court ordered them "to file a motion with proposed redactions to any post-judgment filings concerning the details of the settlement agreement that will meet the requirements of [*United States v.*] *Kravetz*, 706 F.3d 47 [(1st Cir. 2013)], to do so within seven days of said Order." *Id.*

Quoting portions of *Kravetz*, the Defendants "contend that *Kravetz* is written in a criminal case context, opposed to the civil nature of the instant case." *Id.* at 3. "Nonetheless, the appearing defendants hereby submit a redacted version of the Motion for Reconsideration for the Court to consider, and make public, in the event that it determines to do so." *Id.* The Defendants say that the "redaction in the Motion for Reconsideration goes specifically to the monetary amounts made reference in said motion." *Id.* at 4. The Defendants maintain that the "redacted version is compliant

2

with *Kravetz* since it contains 'safeguards that will protect the [access] rights of the public, without unduly interfering with the workings of the judicial process." *Id.* (citation omitted). To their motion, the Defendants attached a proposed redacted version of the motion for reconsideration. *Id.* Attach. 1, *Redacted Mot. for Recons.* (*Redacted Mot.*).

## II. DISCUSSION

### A. The Public Right of Access

Although the Defendants correctly note that *Kravetz* is a criminal case, the Court rejects their contention that the First Circuit's discussion of the right of public access is limited to criminal cases. In *Kravetz*, the First Circuit explained the contours of the right of public access by quoting a civil case, *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7 (1st Cir. 2013). *Kravetz*, 706 F.3d at 52 (*quoting Siedle*, 147 F.3d at 10). In *Siedle*, the First Circuit observed that the "common law presumes a right of public access to judicial records." *Siedle*, 147 F.3d at 9-10. The *Siedle* Court cited *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) in which the United States Supreme Court wrote:

> It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. <u>The interest necessary to support to issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies</u> . . ..

3

*Id.* at 597 (citations omitted; emphasis provided). In *Siedle*, the First Circuit declined to adopt the distinction between civil and criminal proceedings that the Defendants propose. To the contrary, the *Siedle* Court stated flatly that "[t]he presumption extends to the records of civil proceedings." *Siedle*, 147 F.3d at 10.

Even though the right of public access applies to civil matters, it is "not unfettered." *Kravetz*, 706 F.3d at 59 (quoting *Siedle*, 147 F.3d at 10) (quoting *FTC v. Standard Fin. Man. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). The *Warner Communications* Court wrote that the sealing of a settlement agreement, like other sealing decisions, is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *P.R. Land & Fruit, S.E. v. Municipio De Culebra*, No. 09-2280 (ADC/BJM), 2018 U.S. Dist. LEXIS 221026 (D.P.R. Oct. 24, 2018), *aff'd* 2019 U.S. Dist. LEXIS 20203 (D.P.R. Feb. 5, 2019) (quoting *Warner Communications*, 435 U.S. at 599). To order an otherwise publicly-accessible document, such as a settlement agreement, sealed or redacted, the trial court is required to make "particularized findings of fact." *Id.* at *18 (quoting *Kravetz*, 706 F.3d at 59). Moreover, as the magistrate judge in *Puerto Rico Land & Fruit* suggested, the parties may not simply file a settlement agreement and expect it to be sealed without offering a basis for doing so. 2018 U.S. Dist. LEXIS 22106, at *18 ("The docket shows that a formal motion to seal this agreement was never filed or supported by the parties"). Here, the Defendants have filed a motion and they propose redactions of "the monetary amounts" and the name of the individual involved in the Settlement Agreement. *Defs.' Mot.* at 4; *see Redacted Mot.*

4

at 2-21. The question is whether they have successfully supported the proposed redactions.

B. The History of the Case

By history, the Court originally sealed the Settlement Agreement upon motion of the parties. *Order* (ECF No. 187). Then on March 9, 2018, Carlos Gómez-Cruz filed a motion requesting a reimbursement order alleging that as part of the settlement, the plaintiffs, including Mr. Gómez-Cruz, allowed deductions to be made to reflect outstanding debt, that the agency had miscalculated the amount Mr. Gómez-Cruz owed the Center for Collection of Municipal Revenues (CRIM), that the overpayment equaled $901.32, and that Mr. Gómez-Cruz was owed $901.32. *Mot. Under Seal Requesting Order to Reimburse Pl. Carlos Gómez-Cruz the Amount Overpaid to the Center for the Collection of Municipal Revenues* (ECF No. 192). As the title of the motion indicates, Mr. Gómez-Cruz asked that his motion be placed under seal but did not explain why. *Id*.

On March 15, 2018, the Defendants filed a notice of automatic stay. *Notice of Automatic Stay and of Procedures for Filing Mots. for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (ECF No. 194). On March 15, 2018, Mr. Gómez-Cruz filed a response in opposition to the notice to stay. *Resp. in Opp'n to Notice to Stay* (ECF No. 197). Mr. Gómez-Cruz described the settlement in detail in his March 15, 2018 filing. *Id*. at 1-6. On March 15, 2018, Mr. Gómez-Cruz formally moved to place his motion under seal. *Mot. to Restrict* (ECF No. 196). On August 29, 2018, Mr. Gómez-Cruz, presumably frustrated by the Court's inaction,

5

filed another motion requesting the same relief. *Mot. Reiterating Req. for Order* (ECF No. 198).

On October 4, 2018, the Court issued an order denying the motions to restrict documents, citing *Kravetz*, concluding that the Court's rulings on the proper distribution of public funds and the impact of PROMESA's stay on the recoupment of monies were manifestly matters of public concern. *Order* (ECF No. 199). The Court lifted the sealing of the filings beginning March 9, 2018 and those filings remain unsealed today. Also, on October 4, 2018, the Court issued an order regarding the automatic stay and granting Mr. Gómez-Cruz's motion for reimbursement. *Order Regarding Automatic Stay and Granting Mot. for Reimbursement* (ECF No. 200). The Order, which remains a matter of public record, described the amounts involved and Mr. Gómez-Cruz as the involved plaintiff. *Id.* at 1-12.

On November 1, 2018, the Defendants filed a motion to restrict document, namely the references to the Settlement Agreement in this case as set forth in their motion for reconsideration. *Mot. to Restrict* (ECF No. 201). On November 14, 2018, Mr. Gómez-Cruz responded to the Defendants' motion for reconsideration, again detailing the settlement terms; Mr. Gómez-Cruz did not ask the Court to seal or restrict his response. *Resp. in Opp'n to Mot. for Recons.* at 1-9 (ECF No. 203). On December 14, 2018, the Court issued an order denying the Defendants' motion for reconsideration. *Order Denying Mot. for Recons.* (ECF No. 204). In that order, the Court addressed the sealing issue in footnote 1, requiring the Defendants to file a motion justifying the sealing under *Kravetz*. *Id.* at 2 n.1. The Defendants responded

on December 21, 2018. *Mot. in Compliance with Order in Docket No. 204* (ECF No. 205). On May 8, 2019, the Court issued an order requiring the Defendants to file proposed redactions and justifications for the redactions within seven days of the date of the Order. *Order on Mot. to Restrict Doc.* at 9-10 (ECF No. 217).

### C. Redaction of Information Elsewhere Publicly Available

As this case history reflects, one major problem with the Defendants' May 15, 2019 motion is that the information they wish to redact is already a matter a public record a number of times over. *See Mot. Under Seal Requesting Order to Reimburse Pl. Carlos Gómez-Cruz the Amount Overpaid to the Center for the Collection of Municipal Revenues* (ECF No. 192); *Resp. in Opp'n to Notice to Stay* (ECF No. 197); *Order Regarding Automatic Stay and Granting Mot. for Reimbursement* (ECF No. 200); *Resp. in Opp'n to Mot. for Recons.* (ECF No. 203). The Court alerted the Defendants to this fact in its May 8, 2019 order:

> The Court is confused by the Defendants' request. The Defendants ask that the Court restrict their motion for reconsideration because it references the settlement agreement, yet several orders and motions that similarly reference the contents of the settlement agreement were docketed publicly, and the Defendants have not requested they be restricted.

*Order on Mot. to Restrict Doc.* at 8. But the Defendants did not address why a document should be unavailable to the public when other filings containing exactly the same information have been and remain publicly available.

Based on the relief the Defendants request, namely the redaction of only their motion for reconsideration, when the same information is contained in multiple publicly-available documents elsewhere on the docket, the Court denies the motion,

7

as the Defendants' request for relief would be wholly ineffective and the Court could not otherwise justify the redactions as required by *Kravetz* and prior Supreme Court and First Circuit authority. If the Defendants' request were broader, demanding that the Court redact its own opinions and other filings that have been publicly-docketed for months, the Court would find it equally difficult to justify approving a broader request.

### III. CONCLUSION

The Court DENIES Motion in Compliance with Order in Docket No. 204 (ECF No. 205), and DENIES Motion in Compliance with Order in Docket No. 217 (ECF No. 218).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2019